Filed 8/11/21  P. v. McDonough CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C092461 |
| Plaintiff and Respondent, | (Super. Ct. No. SF07431) |
| v. | |
| CLIFFORD KEITH MCDONOUGH, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), after the denial of defendant Clifford Keith McDonough's petition for resentencing pursuant to Penal Code section 1170.95.[1]  Defendant filed a supplemental brief raising issues relating to the trial court's denial of his petition.  We shall affirm.

### I.  BACKGROUND

On September 30, 2008, a jury found defendant guilty of second degree murder (§ 187), inflicting corporal injury resulting in a traumatic condition on his spouse (§ 273.5, subd. (a)), with the enhancement he personally inflicted great bodily injury

---

[1] Undesignated statutory references are to the Penal Code.

1

under circumstances of domestic violence (§ 12202.7, subd. (e)), and of misdemeanor battery (§ 242).  On December 5, 2008, defendant was sentenced to 15 years to life plus six years in prison.

Defendant appealed his convictions, which we affirmed.  (*People v. McDonough* (June 1, 2010, C060726) [nonpub. opn.].)

On April 6, 2020, defendant filed a petition for resentencing under section 1170.95.  On June 9, 2020, after appointing defendant counsel and briefing by the parties, the trial court denied defendant's petition, finding him ineligible for relief because he was the actual killer.

Defendant filed a timely notice of appeal from this order.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  As we reference herein, defendant exercised his right to file a supplemental brief.

## II.  DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 (*Anders*), is required only in the first appeal of right from a criminal conviction.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel.  (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.)  While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.  Defendant is not entitled to *Wende* review in

2

such an appeal. (See *Serrano, supra,* at p. 501 [no *Wende* review for denial of post-conviction motion to vacate guilty plea pursuant to § 1016.5].)

Applying *Serrano* here, we note that the "appeal before us, although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) For this reason, defendant is not entitled to a *Wende* review of the denial of his petition for resentencing pursuant to section 1170.95. (*Serrano, supra,* at p. 501.) Accordingly, we do not independently review the record for error.

Notwithstanding our conclusion that this particular appeal cannot trigger a right to independent *Anders/Wende* review, we shall still address the arguments raised by defendant in his supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at p. 503; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278 ["if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief"].) Defendant has challenged the trial court's denial of his section 1170.95 petition, arguing "he was convicted of second degree murder under a natural and probable consequence[s] theory." Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) Once a complying petition is filed, the court appoints counsel if requested, the parties submit briefs, and the

trial court makes a prima facie determination of eligibility. (*People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [2021 Cal. LEXIS 5258, pp. 19-20].) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case." (*Id.* [p. 32].)

The record of conviction here establishes defendant's position is plainly false. The jury was not instructed on the natural and probable consequences doctrine for second degree murder. As we noted in our prior opinion, the jury was instructed for second degree murder on theories of express and implied malice, and we found no error in "instructing that voluntary intoxication cannot negate implied malice." (*People v. McDonough, supra*, C060726 at p. 13.) Instead, defendant was the actual killer as he "savagely beat [the victim] to death." (*Id.* at pp. 8, 9.) As the actual killer, defendant's second degree murder conviction is still valid after Senate Bill No. 1437 and is therefore ineligible for relief under section 1170.95. The trial court properly denied defendant's petition.

## III.  DISPOSITION

The order dismissing defendant's petition for resentencing pursuant to section 1170.95 is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

ROBIE, J.